UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XEROX  CORPORATION

                                    Plaintiff,

-vs-

JOJOMONSTER GRAPHICS, LLC,

                                   Defendant.
_____

DECISION AND
ORDER

16-CV-06062-CJS

APPEARANCES

For Plaintiffs:       Tony R. Sears, Esq.
                     Harold A. Kurland, Esq.
                     Abigail L. Giarrusso, Esq.
                     Ward Greenberg Heller & Reidy LLP
                     1800 Bausch & Lomb Place
                     Rochester, New York 14604

For Defendant:      Edwin M. Larkin, Esq.
                     Maura C. McGuire, Esq.
                     Harter Secrest & Emery LLP
                     1600 Bausch & Lomb Place
                     Rochester, New York 14604

INTRODUCTION

Xerox Corporation brought this action alleging that JoJoMonster Graphics, LLC, breached

finance leases, defaulted in paying a promissory note and failed to return leased equipment.  Now

before the Court is Xerox's unopposed motion (Docket No. [#15]), for summary judgment on its

claims, and for dismissal of JoJoMonster's counterclaims.  Xerox's application is granted.

BACKGROUND

The facts contained in Xerox Corporation's Statement of Facts [#15-1] are not opposed,

and are therefore deemed admitted. *See*, Local Rule of Civil Procedure 56(a)(3).  The Court will

only summarize those facts to the extent necessary to explain its decision. To the extent that there are any other relevant facts that are disputed, the Court views them in the light most-favorable to JoJo Monster Graphics, as the non-moving party.

At all relevant times Xerox Corporation ("Xerox" or "Plaintiff") manufactured and leased commercial printing equipment, while JoJo Monster Graphics ("JoJoMonster" or "Defendant") was a commercial printer. In February 2010, Xerox leased a commercial printer and server to JoJoMonster, pursuant to an equipment finance lease. The lease contained three significant provisions. First, the parties agreed that the lease was "a 'finance lease' under Article 2A of the Uniform Commercial Code," and that except as provided in the lease, JoJoMonster waived its "rights and remedies as a lessee under Article 2A." Second, the lease contained a "hell or high water clause," that stated in pertinent part:

> YOUR OBLIGATION TO MAKE ALL PAYMENTS, AND TO PAY ANY OTHER AMOUNTS DUE OR TO BECOME DUE, IS ABSOLUTE AND UNCONDITIONAL AND NOT SUBJECT TO DELAY, REDUCTION, SET-OFF, DEFENSE, COUNTERCLAIM OR RECOUPMENT FOR ANY REASON WHATSOEVER. IRRESPECTIVE OF XEROX'S PERFORMANCE OF ITS OBLIGATIONS HEREUNDER, ANY CLAIM AGAINST XEROX MAY BE ASSERTED IN A SEPARATE ACTION AND SOLELY AGAINST XEROX.

Third, the lease provided JoJoMonster with a "Total Satisfaction Guarantee" that stated, in pertinent part: "If you are not totally satisfied with any Xerox-brand Equipment delivered under this Agreement, Xerox will, at your request, replace it without charge with an identical model or, at Xerox's option, with Xerox Equipment with comparable features and capabilities."

By 2013, JoJoMonster had failed to make all required payments under the lease. At JoJoMonster's request, the parties executed an Account Modification Agreement. Pursuant to this agreement, JoJoMonster executed a promissory note in the amount of $44,000.00., and Xerox conditionally credited JoJoMonster $15,000.00, with the condition being that JoJoMonster

2

henceforth make all required payments.

Also in 2013, the parties entered into a second finance lease for another commercial printer and server. Again, the parties agreed that the lease was "a 'finance lease' under Article 2A of the Uniform Commercial Code," and that except as provided in the lease, JoJoMonster waived its "rights and remedies as a lessee under Article 2A." Additionally, the second lease contained a "hell or high water clause" and "Total Satisfaction Guarantee" identical to those in the first finance lease.

Since April 2015, JoJoMonster has not made payments to Xerox as required by the promissory note. Further, since August 2015, JoJoMonster has not made payments to Xerox as required by the two finance leases and the modification agreement.

On February 3, 2016, Xerox commenced this action. In pertinent part, the Complaint [#1] purports to assert three claims for monetary damages: 1) breach of the first finance lease, as modified; 2) breach of the promissory note; and 3) breach of the second finance lease.[1] The Complaint also seeks a declaratory judgment that Xerox has the right of ownership and possession of the leased equipment.

On April 8, 2016, JoJoMonster filed an Answer [#10], which, *inter alia*, admits that JoJoMonster executed the finance leases, modification agreement and promissory note. The Answer further admits that JoJoMonster stopped paying Xerox by August 2015, but implies that this was due to Xerox's failure to provide instructions.[2] The Answer purports to assert the

---

[1] The fourth cause of action was against JoJoMonster's owner, individually, for breach of guaranty, but that claim has been dismissed.

[2] *See*, Answer at paragraph 141 ("In August of 2015, despite accepting payment, . . . Xerox's collections department told Defendants that their account was being referred to a different department and that the new department's assigned representative would contact Defendant within two to three weeks. No one from the new department ever contacted Defendant.").

following affirmative defenses: 1) failure to state a claim; 2) unclean hands; 3) laches; 4) any damages were caused by Plaintiff's own actions; 5) breach of contract; 6) fraudulent inducement of contract; 7) lack of proximate cause; and 8) unconscionability. With regard to these affirmative defenses, the Answer asserts that the subject contracts were "contracts of adhesion"; that Xerox used "high pressure tactics and deceptive language," including the "total satisfaction guarantee"; and that JoJoMonster was not "totally satisfied" with the products or with Xerox's maintenance services.

The Answer also purports to set forth three counterclaims, all of which relate to the aforementioned "Total Satisfaction Guarantee" in the finance leases. In particular, JoJoMonster contends that it was not totally satisfied with Xerox's performance, because Xerox failed to properly service the printers and to provide the necessary supplies, such as toner. JoJoMonster contends that Xerox's deficiencies in these areas hindered JoJoMonster's ability to meets its customers' demands, resulting in lost business and poor credit ratings. In particular, the Answer details several instances, beginning in 2012, of repeated malfunctioning of the leased equipment and of untimely or inept servicing of the same, and contends that JoJoMonster was consequently forced to turn away a large volume of business on several occasions, and to have lost business to such an extent that their ensuing credit issues precluded them from leasing other equipment. The three counterclaims are: 1) Breach of the first finance lease, as modified, and breach of the second finance lease; 2) breach of express warranties ("total satisfaction") in the lease agreements; and 3) breach of the finance leases' implied covenant of good faith and fair dealing (by failing to maintain the leased equipment in "good working order").

On May 20, 2016, Xerox filed the subject motion [#15] for summary judgment as to several of its claims,[3] and for dismissal of JoJoMonster's counterclaims. In support of the application for summary judgment, Xerox has submitted, *inter alia*, an affidavit [#15-2] from Janet Atkinson ("Atkinson") who is employed in Xerox's Recovery Department. Atkinson's affidavit reviews the terms of the subject finance leases, modification agreement and promissory note, JoJoMonster's payment history, and the circumstances of JoJoMonster's defaults, and contends that the total amount owed to Xerox, including costs, disbursements and attorney's fees, is $135,896.44, plus interest.

Xerox contends that there are no material issues of fact, and that as a matter of law it is entitled to summary judgment on its claims relating to the finance leases because JoJoMonster's obligation to pay is "absolute and unconditional" pursuant to the finance leases' "hell or high water clauses" and UCC Article 2A, regardless of any complaints that JoJoMonster may have about the leased equipment. Similarly, Xerox maintains that its right to payment under the promissory note is clear, since JoJoMonster executed the note and has defaulted in paying. Xerox further contends that JoJoMonster's affirmative defenses are no obstacle to summary judgment, because they are mere "boilerplate" and lack merit in any event. In particular, Xerox contends that the first, second and third affirmative defenses are meritless and inapplicable to this action; that the fourth, fifth and seventh affirmative defenses are inadequately pleaded and also precluded by the "hell or high water clause"; that the sixth affirmative defense is barred by the finance leases' merger clauses, by New York law which requires a fraud independent of the alleged breach, and by the failure to plead fraud with particularity; and that the eighth affirmative defense lacks merit factually and because commercial agreements such as those involved here give rise to a presumption that they are *not*

---

[3] Xerox has not moved for summary as to Count V (declaratory judgment).

unconscionable, which JoJoMonster has not overcome.

Xerox further maintains that JoJoMonster's three counterclaims must be dismissed for failure to state a claim. Xerox states that the first counterclaim, for breach of contract, is barred by the release provisions in the modification agreement, and by the plain language of the finance leases, referring to the "hell or high water clauses" and the references to UCC Article 2A. Xerox further contends that as to the alleged breach by Xerox, JoJoMonster agreed that its exclusive remedy was to have Xerox replace the leased equipment. Xerox maintains that the second counterclaim, for breach of express warranty, is barred for the same reasons as the first counterclaim, and because the express warranties are limited to those contained in the parties' agreements. Xerox contends that the third counterclaim, for breach of the implied warranty of good faith and fair dealing, also fails, as a matter of law, since it is duplicative of the breach of contract counterclaim, and New York does not permit such duplicative claims.

On June 9, 2016, the Court issued a motion scheduling order [#16], directing, *inter alia*, that JoJoMonster file and serve any response by July 7, 2016. However, JoJoMonster never filed a response. The parties subsequently asked the Court to hold the motion in abeyance while they attempted to work out a settlement. *See*, Docket Nos. [#20, 23, 25]. However, on February 22, 2017, the parties jointly asked [#27] the Court to rule on Xerox's unopposed motion for summary judgment and for dismissal of JoJoMonster's counterclaims.

ANALYSIS

Plaintiff has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material

fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

"Once the moving party has asserted facts sufficient to show that the non-movant's claims or affirmative defenses cannot be sustained, the opposing party must set out specific facts showing a genuine issue for trial, and cannot rely merely on allegations or denials contained in the pleadings." *Canon Inc. v. Tesseron Ltd.*, No. 14CV5462 DLC, 2015 WL 4508334, at *4 (S.D.N.Y. July 24, 2015) (citations omitted).

In the instant case, JoJoMonster has not opposed Xerox's motion. Nevertheless, the Court may not simply grant the motion on that basis.

> [E]ven where a summary judgment motion is wholly unopposed, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. In determining whether the moving party has met this burden the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented. An unopposed summary judgment motion may also fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.

*Gachette v. Metro N.-High Bridge*, 598 F. App'x 803, 804 (2d Cir. 2015) (citing *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d at 244 (internal citations and quotation marks omitted)).

Xerox has also moved to dismiss JoJoMonster's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). The legal principles applicable to such a motion are clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual

allegations sufficient 'to raise a right to relief above the speculative level.'") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted). When applying this standard, a district court must accept the allegations contained in the [pleading] as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052, 121 S. Ct. 657 (2000).  If, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment  under Rule 56." FRCP 12(d).

### a.  Summary Judgment

Applying these principles to the instant case, the Court finds that Xerox is entitled to summary judgment. Preliminarily, the Court finds that Xerox's factual assertions are supported by the record, and that JoJoMonster has not raised any triable issue of fact.  Accordingly, the issue is whether, on such facts, Xerox is entitled to summary judgment on its claims (I-III) as a matter of law.   The Court answers that question in the affirmative.

Regarding the first and third causes of action, seeking judgment on the finance leases, a lengthy discussion is unnecessary. Xerox has demonstrated that it is contractually entitled to judgment, and JoJoMonster's allegations, concerning the un-reliability of the leased equipment or about allegedly false extra-contractual statements made about the equipment by Xerox, even if they were supported by evidentiary proof in admissible form (which they are not), are not sufficient to overcome the unambiguous finance leases' "hell or high water clauses." *See, Xerox Corp. v. RP Digital Servs., Inc.*, 232 F. Supp. 3d 321, 324 (W.D.N.Y. 2017) ("Defendants' assertions that Xerox breached the Finance Lease by providing defective equipment, despite extra-contractual assurances that the printer it was providing was fit for a particular purpose, are expressly waived by the clear terms of the Finance Lease, which provides that the 'obligation to make all payments,

and to pay any other amounts due or to become due, is absolute and unconditional, and not subject to delay, reduction, set-off, defense, counterclaim or recoupment for any reason whatsoever, irrespective of Xerox's performance of its obligations hereunder ... Xerox disclaims the implied warrant[y of] fitness for a particular purpose.' A contractual duty to make payments regardless of the other party's performance, commonly known as a 'hell or high water' clause, is typically enforceable."); *see also, Xerox Corp. v. Graphic Mgmt. Servs. Inc.*, 959 F. Supp. 2d 311, 318 (W.D.N.Y. 2013) ("[W]hether the Court looks to the 'hell or high water clause' or the fact that the parties agreed that the March and April 2010 Lease Agreements were finance leases [under UCC Article 2A], MHW was obligated to make all payments under the March and April 2010 Lease Agreements regardless of Xerox's alleged breach. Therefore, Xerox is entitled to summary judgement on its claim of non-payment under the leases against MHW.").

Nor do JoJoMonster's affirmative defenses present an obstacle to Xerox's motion. In that regard, the Court agrees with Xerox, at least with regard to the first-through-seventh affirmative defenses, that they are mere "boilerplate" statements lacking any factual support. The eighth affirmative defense, alleging that the finance leases were "unconscionable contracts of adhesion," attempts to provide some supporting detail, but also fails, as the allegations are entirely conclusory. For example, the affirmative defense alleges that Xerox "used high-pressure tactics and [unspecified] deceptive language," and that there was "an inequality in bargaining power." However, it is well settled that "[f]or contracts entered into by two businesses in a commercial setting, there is a presumption of conscionability . . . and unconscionability is rarely found." *In re Residential Capital, LLC*, 531 B.R. 25, 49 (Bankr. S.D.N.Y. 2015) (citation and internal quotation marks omitted); *see also, Cayuga Harvester, Inc. v. Allis-Chalmers Corp.*, 95 A.D.2d 5, 20, 465 N.Y.S.2d 606, 617 (4th Dept. 1983) ("In cases involving transactions of a commercial nature,

courts have rarely found unconscionability.") (citations omitted). There is no indication that this is one of the rare cases in which that presumption could be overcome.

The Court similarly finds that Xerox is entitled to summary judgment on the second cause of action, for breach of the promissory note, as Xerox has demonstrated that JoJoMonster executed the note but has not made the required payments.

The Court also agrees that JoJoMonster's three counterclaims must be dismissed for failure to state a claim. The first counterclaim alleges that Xerox breached the finance leases by failing to maintain the leased equipment to JoJoMonster's satisfaction, and/or by failing to keep the equipment in "good working order." However, Xerox has shown that as part of the modification agreement, JoJoMonster expressly released Xerox from any liability for at least some of the events upon which it bases its first counterclaim.[4] Further, Xerox has shown that this counterclaim is barred by express provisions of the finance leases themselves, which limit JoJoMonster's remedy, for any breach of the "Total Satisfaction Guarantee" and "Maintenance Services" provisions, to having Xerox provide different equipment.[5] JoJoMonster admits this fact at paragraph 158 of the Answer: "In the event that Defendants were not totally satisfied with their leased printing equipment, Xerox promised to either replace the equipment *at Defendant's request*, or, at Xerox's option, replace it[.]") (emphasis added). However, JoJoMonster does not allege that it requested Xerox to provide such remedy.

The second counterclaim, for breach of express warranty, is duplicative of the first counterclaim. Indeed, the second counterclaim alleges that the subject express warranties – regarding "total satisfaction" and maintenance of the leased equipment in good working order –

---

[4]*See*, Atkinson Aff., Ex. B, Modification Agreement at paragraphs 7(e) & 11.
[5] *See, e.g.*, 2010 Finance Lease at paragraphs 1 & 6.

are contained in paragraphs one and six of the finance leases, which are the same contractual provisions upon which the first cause of action is based. Accordingly, the second counterclaim similarly fails to state an actionable claim.

The third counterclaim, for breach of the implied covenant of good faith and fair dealing, reiterates that Xerox failed to keep the leased equipment in "good working order" (again quoting paragraph 6 of the finance leases) and thereby "deprived [JoJoMonster] of [its] right to receive the fruits of and benefits under the Finance Leases." The counterclaim is merely duplicative of the first two counterclaims, and therefore also fails to state a claim. *See, Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 508 (2d Cir. 2005) (Affirming dismissal of claim for implied covenant of good faith and fair dealing, stating that, "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.") (citation omitted).

CONCLUSION

Xerox's motion for summary judgment and to dismiss counterclaims [#15] is granted. JoJoMonster's counterclaims are dismissed with prejudice. Xerox is granted summary judgment on Claims I-III in the amount of $135,896.44.

IT IS SO ORDERED.

Dated: Rochester, New York
         September 6, 2017

ENTER:


/s/ Charles J. Siragusa____
CHARLES J. SIRAGUSA
United States District Judge